# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ISRAEL JACQUEZ-LOZANO<br><br>Defendant. | Case No. 3:16-CR-1711-GPC<br><br>**ORDER:**<br><br>**DENYING MOTION TO REDUCE SENTENCING PURSUANT TO 28 U.S.C. § 2255** |

On January 30, 2017 Israel Jacquez-Lozano ("Defendant") submitted a *pro se* letter to the Court, which the Court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is **DENIED**.

## BACKGROUND

Defendant was arrested on June 29, 2016 and charged with being a deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b). (Dkt. No. 9 at 1.) At the time of his arrest, Defendant was also determined to have violated the conditions of supervised release from a previous 8 U.S.C. § 1326 conviction. (See Dkt. Nos. 9, 11.) On August 30, 2016, Defendant tendered a plea of guilty as to the present case, and on September 14, 2016, this Court accepted Defendant's guilty plea. (Dkt. Nos. 18, 23.)

1

The written plea agreement between the United States of America and Defendant stipulated that the parties would recommend sentencing based on several agreed upon advisory guideline calculations, but the parties did not agree on a recommended period of supervised release. (Dkt. No. 20 at 7-8, 10.) The plea agreement acknowledged that "The sentence is within the sole discretion of the sentencing judge. … [and] if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea." (Id. at 6-7.) The plea agreement further stated, "If the Court imposes a term of supervised release, defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least two-thirds of his term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment." (Id.)

Prior to sentencing, the Probation Office recommended twenty-four months in custody and no term of supervised release under U.S.S.G § 5D1.1(c). (Dkt. No. 24 at 16.) The Probation Office considered Defendant's prior criminal convictions and deportations when making its recommendation, noting that Defendant had been removed from the United States on six prior occasions. (Id. at 5-9.)

Defendant's attorney recommended Defendant only serve six months in custody in the instant case and eight months in custody for violation of the conditions of his supervised release in the 2015 case. (Dkt. No. 25 at 1-2.) Defense counsel emphasized that Defendant's criminal history of non-immigration related offenses ended twenty-nine years ago. (Id. at 3.)

The United States of America similarly recommended that Defendant serve six months in custody for the instant case. (Dkt. No. 28 at 2.)

On November 10, 2016, this Court sentenced Defendant to six months imprisonment and one year of supervised release. (Dkt. No. 31 at 2-3.) On that same date, Defendant was also sentenced to nine months imprisonment for violation of his

supervised release in the 2015 case, which was to run concurrent to the six month sentence in the present case. (Case No. 15-CR-0197, Dkt. No. 35 at 2.)

On January 30, 2017, Defendant submitted a letter to the Court requesting (1) that the Court correct an error in his "data sheet" indicating that he is serving a fifteen-month sentence rather than a nine-month sentence and (2) that the Court remove his one-year term of supervised release pursuant to new amendments passed by the United States Sentencing Commission. (Dkt. No. 33.) The Court construed the letter as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and directed the Government to respond.

## LEGAL STANDARD

Section 2255 of title 28 authorizes courts to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424 (1962)).

## DISCUSSION

1. **Length of Sentence**

Defendant is correct when he asserts that he should only be serving a total of nine months in prison following his guilty plea and revocation of supervised release. Defendant pled guilty to being a removed noncitizen found in the United States in violation of 8 U.S.C. § 1326(a) and (b), for which he was sentenced to six months, and was found to have violated the conditions of his supervised release in case 15-CR-0917,

for which he was sentenced to nine months. The Court ordered that Defendant serve these sentences concurrently rather than consecutively.

When defendants are found guilty of more than one crime at the same time, sentencing can occur one of two ways: concurrently, meaning the terms are served at the same time and overlap one another, or consecutively, meaning that the second term begins only once the first term has been served in full. See 18 U.S.C. § 3584. Here, Defendant was permitted to serve his terms concurrently. Because both terms of imprisonment will be served at the same time, Defendant will only serve the longer of the two sentences — that is, the nine-month imprisonment sentence for violation of his supervised release. Although both imprisonment sentences collectively add up to fifteen months, Defendant will only serve nine months in prison.

Accordingly and to the extent that any "data sheet" at the Bureau of Prisons incorrectly states that Defendant is to serve his sentenced concurrently for a total of 15 months, the Court hereby **ORDERS** that the records be corrected to reflect a total custodial sentence of nine months.

### 2. Term of Supervised Release

Defendant further requests that the Court remove the one-year term of supervised release that it imposed in light of new amendments passed by the United States Sentencing Commission.

Effective November 1, 2011, U.S.S.G. § 5D1.1 was amended to include subsection (c), which provides that courts "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." United States v. Valdavinos-Torres, 704 F.3d 679, 692 (9th Cir. 2012) (quoting U.S.S.G. § 5D1.1 cmt. n.5). As to the application of subsection (c), the Guidelines further explain that:

> In a case in which the defendant is a deportable alien specified in subsection
> (c) and supervised release is not required by statute, the court ordinarily

> should not impose a term of supervised release. Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1 cmt. n.5. The Ninth Circuit has emphasized that the use of the word "ordinarily" in § 5D1.1 is not mandatory, but rather gives the district court discretion to "consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." Valdavinos-Torres, 704 F.3d at 693 (adopting reasoning of United States v. Dominquez-Alvarado, 695 F.3d 324, 329 (5th Cir. 2012)).

      Here, the Defendant's circumstances were not "ordinary" within the meaning of § 5D1.1. Defendant has seven adult criminal convictions, not including the present conviction, and has been removed from the United States on six prior occasions. (Dkt. No. 24 at 6-9.) Defendant's repeated attempts to reenter the United States illegally despite his numerous removals demonstrate that he is a criminal recidivist who warranted a one-year term of supervised release in order to deter him from re-offending. As such and given Defendant's history of criminal behavior and unwillingness to remain outside the United States, it was within the Court's discretion to impose a term of supervised release as necessary to "provide an added measure of deterrence and protection based on the facts and circumstances" of his case. See U.S.S.G § 5D1.1; see also Ramirez-Ramirez v. United States, 2015 WL 1544252, *3-5 (N.D. Cal. 2015) (Koh, J.) (finding the petitioner's circumstances were not ordinary within the meaning of § 5D1.1 because petitioner was already on supervised release for prior federal illegal re-entry conviction and had significant family ties in the United States that indicated he would re-offend); United States v. Carbajal-Hernandez, 2015 WL 4923705, *4-5 (S.D. Cal. 2015) (Curiel, J.) (finding imposition of supervised release for deportable alien appropriate to provide

an added measure of deterrence and protection in light of petitioner's violent and criminal nature as reflected by his prior criminal convictions).

The Court further observes that, in his plea agreement, Defendant expressly acknowledged that this Court had full discretion to impose an appropriate sentence regardless of the parties' recommendation and that if the Court did impose a term of supervised release he would not later seek to reduce or terminate early the term of supervised release. (Dkt. No. 20 at 6-7, 10.) Absent evidence indicating that the terms of the plea agreement are no longer in force or are otherwise void, Defendant is bound by its contents. The Court, therefore, concludes that even if sentencing Defendant to a term of supervised release was beyond its discretion, Defendant nonetheless waived his right to challenge any such term through acceding to the plea agreement. See Ramirez-Ramirez, 2015 WL 1544252, at *4 (refusing to revisit imposition of supervised release under § 5D1.1 for 8 U.S.C. § 1326 violation because Defendant waived right to bring § 2255 challenge in plea agreement).

Accordingly, and for the reasons discussed above, the Court finds no fundamental error or defect in its imposition of supervised release. See Timmreck, 441 U.S. at 783.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: April 19, 2017

Hon. Gonzalo P. Curiel
United States District Judge